JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER KOTULAK,<br><br>Plaintiff,<br><br>v.<br><br>DR. WILLIAM F. DAVIS, MD, LA VETA MEDICAL CENTER, BARD DAVOL, aka BD, aka BARD, aka DAVOL, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: SACV 23-00476-CJC (JDEx)<br><br>ORDER GRANTING DEFENDANT DR. WILLIAM F. DAVIS' UNOPPOSED MOTION TO REMAND [Dkt. 20] |

Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).

Defendant Dr. William F. Davis moves to remand this case because the Court lacks subject matter jurisdiction over it. Specifically, "the only remaining claim is a state law claim for medical negligence, and the only remaining parties are . . . all California citizens. Diversity jurisdiction thus does not exist, and remand should be granted." (Dkt. 20 at 7–8.) Dr. Davis represents that "[a]ll parties agree that the action should be remanded back to the state court and no party will oppose this motion." (*Id.* at 2.) Indeed, the deadline to file an opposition has passed and no opposition was filed. *See* C.D. Cal. L.R. 7-12 (stating that failure to oppose a motion by the deadline "may be deemed consent to the granting . . . of the motion"). The Court **GRANTS** Dr. Davis' unopposed motion to remand and **REMANDS** this case to Orange County Superior Court.[1]

DATED: August 23, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1] Having read and considered the papers presented, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 11, 2023, at 1:30 p.m. is hereby vacated and off calendar.